H. P. HOOD & SONS, INC. *vs.* JULES SCHEIGHOF.

APRIL 18, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of trespass and ejectment for the possession of certain business premises situate in the city of Woonsocket, in this state, and occupied by Marie Louise Schweighofer, doing business under the trade name of Amallor Machine Works and duly registered as such in the office of the city clerk of Woonsocket in accordance with the provisions of general laws 1938, chapter 386. The case was tried before a justice of the superior court sitting without a

jury and he rendered a decision for the plaintiff for possession and costs. Defendant excepted to such decision and has prosecuted his exception to this court.

At the trial, defendant was called by plaintiff as its first witness and testified that he was Jules Schweighofer, although he is described in the writ as Jules Scheighof, and he denied that he was or ever had been in possession of the premises. He admitted receiving a notice to quit addressed to him and signed by the treasurer of the plaintiff, but he testified that his wife, Marie Louise Schweighofer, owned the business and paid the rent and that he worked for her. On cross-examination he stated that the business was registered at the city hall in Woonsocket to Marie Louise Schweighofer, under the name of Amallor Machine Works, and that she rented the premises. He further testified that she had originally rented them from Francis Gardella, the prior owner, who later sold the premises to the plaintiff, and that his wife had always paid the rent with her own check.

Burrill Earp, branch sales manager for the plaintiff, testified that plaintiff had bought the premises three or four years before the trial and that at that time the Amallor Machine Works occupied them; but that defendant had never told him that Marie Louise Schweighofer was the tenant, as owner of the Amallor Machine Works, but he did admit that the rent was always paid by check although he "never noticed whether Mister or Missus" was on the check with the name of Schweighofer. On cross-examination he stated that he believed that Schweighofer handed the rent check to the company's local supervisor in Woonsocket, but that the supervisor always mailed it to him, Earp. He could not say whether the name "Amallor Machine Works" was on the door of the premises, but defendant testified that it was and that Earp had "come in there a dozen times at least." Defendant, testifying in his own behalf, denied that he occupied the premises or that he ever was the tenant of either Gardella or the plaintiff. He stated that he merely worked there, and each month, as his wife's agent, he handed

plaintiff's supervisor her check for the rent; and also that the. income tax return was filed in the name of Amallor Machine Works and was signed by his wife.

Defendant offered in evidence a certified copy of a certificate on file in the city clerk's office in Woonsocket, signed and sworn to by Marie Louise Schweighofer, in which she stated that she was the sole owner of the business conducted under the name of Amallor Machine Works. The certificate was dated July 24, 1941. It was duly admitted in evidence as an exhibit.

Marie Louise Schweighofer did not testify. She was not served with the notice to quit nor does it appear from the evidence that she was in any manner given legal notice of these proceedings. On the undisputed evidence she is the owner of the personal property now on the plaintiff's premises; she alone has paid the rent; and she was the tenant of these premises at the time plaintiff purchased them. If plaintiff, upon the record here, were to act upon the authority of an execution which did not run against her, and remove the property from its premises, plaintiff would be assuming a serious responsibility.

"The relation of landlord and tenant is based on a contract, express or implied, between the parties." *Regan* v. *Rogers*, 68 R. I. 319, 322. Assuming as we must, there being no evidence to the contrary, that Marie Louise Schweighofer was the tenant of Francis Gardella, the prior owner of these premises, then she impliedly became a tenant of the plaintiff unless, when it purchased the premises, it took some action to treat her as a trespasser. The evidence is clear and undisputed that far from doing any such thing it accepted her checks in payment of the monthly rent for three or four years and never sought to inquire further about her occupancy. Marie Louise Schweighofer, on her part, was content to accept plaintiff as her new landlord and, as far as she was able, attorned to it as a tenant by regularly paying it the monthly installments of rent. On this basis the relation of landlord and tenant impliedly arose, and she was entitled to

a notice to quit addressed to her and not to her husband. *Regan* v. *Rogers, supra.*

At first blush this may seem technical, but we must remember that the law has purposely made the action of trespass and ejectment a somewhat technical remedy. Of course, merely formal errors and clerical oversights, of which there are examples in our reports, should not be and have not been insisted upon as fatal, but we deem the error here to be something more fundamental. Plaintiff has quite definitely sued one who is not its tenant, and who declares under oath that he is not in possession of its premises and that he does not own the business conducted or the personal property situated therein. Trespass and ejectment for premises let tries only the right to possession. Judgment against this defendant could not give plaintiff possession without the consent of Marie Louise Schweighofer.

We are of the opinion that the trial justice erred in finding that defendant was a tenant of the plaintiff. Defendant's exception is, therefore, sustained.

The plaintiff may appear before this court, on April 28, 1947, and show cause, if any it has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

*Jeremiah S. Jeremiah,* for plaintiff.

*Irving I. Zimmerman,* for defendant.

